UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| KIRK WAYNE McBRIDE, SR., <br> TDCJ No. 00733097, <br><br> Petitioner, <br><br> v. <br><br> LORIE DAVIS, Director, <br> Texas Department of Criminal Justice, <br> Correctional Institutions Division, <br><br> Respondent. | § § § § § § § § § § § § § | CIVIL NO. SA-17-CA-01262-FB |

## MEMORANDUM OPINION AND ORDER

Kirk McBride, Sr., an inmate in the custody of the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ–CID"), has filed a pro se application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the validity of a parole hearing. As required by Rule 4 of the Rules Governing Section 2254 Cases, the Court conducted a preliminary review of the petition. Having considered the petition (ECF No. 1), the respondent's answer (ECF No. 19), Mr. McBride's reply (ECF No. 20), the record (ECF Nos. 15-18), and applicable law, the Court finds the petition should be **DENIED**.[1]

### I. Background

The Director has lawful custody of Mr. McBride pursuant to a judgment and sentence of the 22nd District Court of Comal County, Texas. (ECF No. 18-3 at 2). In 1995 Mr. McBride was convicted of aggravated sexual assault as a habitual offender and sentenced to a term of 99 years' imprisonment. (*Id.*). On November 5, 2014, Mr. McBride was released from prison to parole. (ECF No. 19-1 at 20-22).

---

[1] Also pending before the Court is Mr. McBride's motion for summary judgment (ECF No. 21), which reiterates the merits of his federal habeas claims.

A pre-revocation warrant of arrest was issued on February 15, 2017, due to a urinalysis revealing the presence of amphetamine. (ECF No. 18-4 at 12). A parole revocation hearing was held March 2, 2017. (*Id.*). Following the revocation hearing the Board of Pardons and Paroles decided to place Mr. McBride in an Intermediate Sanction Facility ("ISF"), rather than revoking his parole. (ECF No. 18-4 at 12-13).

Mr. McBride sought a state writ of habeas corpus, asserting error in the revocation hearing. (ECF No. 17-15 at 6-29). He alleged the urine sample found to be positive for amphetamine was not properly authenticated and, accordingly, that the Board should not have accepted this evidence. (ECF No. 17-15 at 11). He also alleged he was deprived of his right to retain counsel for the hearing, arguing that if he had been allowed to retain counsel "proper objection could have been made to the urine sample." (ECF No. 17-15 at 13).

The habeas trial court designated issues for resolution and ordered an affidavit from the State. (ECF No. 17-15 at 32). The State submitted an affidavit. (ECF No. 17-15 at 42-45). The State noted Mr. McBride's parole was not revoked at the hearing, but that the Board opted instead to send him to an ISF. (ECF No. 17-15 at 44). The State further noted the warrant of arrest was "based on Applicant testing positive for amphetamines, on or about 02/06/17," and that on January 3, 2017, Mr. McBride had admitted "to amphetamine and alcohol use." (ECF No. 17-15 at 44).

The State declared Mr. McBride was not appointed counsel because "the allegations were not complex; Applicant admitted to the allegation; and Applicant [understood] the proceedings and [could] speak for himself." (ECF No. 17-15 at 43). The State's affidavit further noted:

> On the Rights of the Offender in the Revocation Process form, which [Mr. McBride] signed 02/18/2017, #5 states "You have the right to a state appointed attorney under certain circumstances to be determined by a hearing officer. If you

2

qualify for that right, an attorney will be appointed to represent you. If you do not qualify for that right, you may hire an attorney to represent you."

(ECF No. 17-15 at 45).

Attached to the affidavit was the official record of the hearing, including the documents supporting the pre-revocation warrant. (ECF No. 17-15 at 46-51; ECF No. 17-16 at 1-24). A Violation Report states: "Offender admitted to amphetamine and alcohol use on 01-03-17 . . . Offender has had 6 interventions for violations imposed since TDCJ-ID release." (ECF No. 17-16 at 20). McBride testified at the hearing, "and admitted to the violation, testifying that the pill he took [] was 'Sudafed laced with hen laying scratch,' and he mistakenly thought it was caffeine." (ECF No. 17-15 at 44). Furthermore, with regard to the urine sample, Mr. McBride signed a form affirming he provided the urine sample which tested positive for amphetamine. (ECF No. 17-16 at 22). The record states: "At the conclusion of the hearing, OFFENDER acknowledged that he understood the hearing process and was given the opportunity to say what he needed to say." (ECF No. 17-16 at 4).

In an order issued October 9, 2017, the habeas trial court found the State's affidavit credible, found Mr. McBride's claims not credible and moot (by virtue of the revocation of parole after his release from ISF, as explained below), and recommended the writ be denied. (ECF No. 17-18 at 14-15). The Texas Court of Criminal Appeals denied relief on November 15, 2017. (ECF No. 17-12).

In the interim, on June 29, 2017, Mr. McBride was released from ISF back to parole. (ECF No. 19-1 at 29). On July 3, 2017, a random urinalysis revealed the presence of amphetamines and cocaine. (ECF No. 19-1 at 29). On July 28, 2017, the Board of Pardons and Paroles held a parole revocation hearing on the allegations of illegal drug use after Mr. McBride

was released from ISF. (ECF No. 19-1 at 7, 11). On July 31, 2017, the Board voted to revoke Mr. McBride's parole. (ECF No. 19-1 at 5). Mr. McBride sought a state writ of habeas corpus challenging the revocation of his parole, which was denied. (ECF No. 17-19).

Mr. McBride filed his federal habeas petition on December 4, 2017. (ECF No. 1). Mr. McBride challenges only elements of the March 2, 2017, hearing. He alleges he is entitled to federal habeas relief because:

    1. The Board violated his due process rights when it failed to provide him with a preliminary hearing;

    2. The Board violated his due process rights and committed breach of contract when it subjected him to a parole revocation hearing for a violation of a condition not set out in the Certificate of Parole;

    3. There was insufficient evidence to find that he violated the terms and conditions of the Certificate of Parole;

    4. He was denied his right to counsel and an adequate opportunity to hire an attorney to represent him at his parole hearing; and

    5. He was denied due process because the drug testing log used to sustain the charge was hearsay and not properly certified.

(ECF No. 1). Mr. McBride seeks a declaratory judgment that his rights were violated, compensatory damages for violation of his constitutional right to a preliminary hearing, and reinstatement of his parole. (ECF No. 1 at 10). Respondent argues the claims are moot and that the first three claims are procedurally defaulted. (ECF No. 19 at 6).

## II. Analysis

### A. Mootness

Mr. McBride does not attack the legality of his conviction or sentence; in his habeas petition he attacks only the "wrongful termination" of his parole as a result of the March 2, 2017,

4

proceeding. However, Mr. McBride's parole was not terminated as a result of the challenged proceeding; as a result of that proceeding he was placed in ISF. His parole was revoked as a result of the July 28 proceeding.

For a federal court to assert jurisdiction over a habeas petition, Article III of the Constitution requires the petition to involve a live case or controversy. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). An attack on revocation proceedings is rendered moot when, as in this matter, the petitioner was released back to supervised release after serving the punishment inflicted as a result of the challenged hearing. *Id.* at 7-8. An attack is not moot when the petitioner affirmatively demonstrates collateral consequences resulting from the challenged proceeding. *Id.* at 14. The issue of mootness in a habeas corpus proceeding turns on the substantiality of any present "collateral consequences" resulting from the challenged action. *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). For example, if a prisoner's maximum parole discharge date is extended as a result of the proceeding, then the case is not moot. *Villegas v. Thaler*, 480 F. App'x 761, 763 (5th Cir. 2011). The petitioner has the burden of proving collateral consequences. *Spencer*, 523 U.S. at 8.

Mr. McBride has not alleged nor shown substantial collateral consequences resulting from the hearing or his placement in ISF, and neither of these events impacted his maximum discharge date. Because the "detention" resulting from the challenged proceedings has ceased and there were no collateral consequences arising from the decision in that proceeding, the petition must be dismissed as moot. *See Bailey v. Southerland*, 821 F.2d 277, 278-79 (5th Cir. 1987); *McRae v. Hogan*, 576 F.2d 615, 616–17 (5th Cir. 1978); *Wiggins v. Thaler*, 428 F. App'x 468, 471 (5th Cir. 2011).

B.  **Exhaustion**

A fundamental prerequisite to federal habeas corpus relief is the exhaustion of all claims in state court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Moore v. Cain*, 298 F.3d 361, 364 (5th Cir. 2002). The exhaustion requirement is satisfied if the substance of the federal habeas claim was presented to the highest state court in a procedurally proper manner. *Baldwin*, 541 U.S. at 29-32; *Moore*, 298 F.3d at 364. In Texas, the highest state court for criminal matters is the Texas Court of Criminal Appeals. *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998). To properly exhaust a claim the petitioner must "present the state courts with the same claim he urges upon the federal courts." *Picard v. O'Connor*, 404 U.S. 270, 276 (1971). Claims are not exhausted "if a petitioner presents new legal theories or entirely new factual claims in his petition to the federal court." *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001).

Mr. McBride did not raise his first three claims for federal habeas relief in his state habeas action challenging the March 2 proceedings. Accordingly, those claims are unexhausted. Mr. McBride is unable to return to state court to present any unexhausted federal habeas claims because doing so would be barred by Texas' abuse of the writ doctrine. *Fuller v. Johnson*, 158 F.3d 903, 906 (5th Cir. 1998). Therefore, the federal habeas claims not raised in Mr. McBride's state habeas action are deemed procedurally defaulted. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999); *Bledsue v. Johnson*, 188 F.3d 250, 254 (5th Cir. 1999).

Federal habeas relief on the basis of a procedurally defaulted claim is barred unless the petitioner can demonstrate cause for the default and actual prejudice arising from the default, or demonstrate the failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Mr. McBride does not assert cause for, or

prejudice arising from his procedural default of his claims. Because Mr. McBride's parole was not revoked as a result of the challenged proceeding, he is unable to establish a fundamental miscarriage of justice will occur absent consideration of his defaulted claims.

**C.    Merits**

Regardless of the fact that all of his claims are moot, Mr. McBride's defaulted claims are without merit. Mr. McBride's due process rights were not violated because he did not receive a preliminary hearing prior to his parole revocation hearing; his complaints regarding a preliminary hearing were rendered moot by his final hearing. *Collins v. Turner*, 599 F.2d 657, 658 (5th Cir. 1979). Furthermore, Mr. McBride's right to due process was not violated because he was found in violation of a parole condition "not set out in the Certificate of Parole." The record indicates Mr. McBride knew his parole could be revoked for his use of amphetamine. Furthermore, his claim that there was insufficient evidence to find he violated the terms of his parole is without merit, as Mr. McBride admitted he ingested alcohol and amphetamine while on parole.

Mr. McBride is not entitled to relief on the merits of his exhausted claims either. Federal habeas corpus relief may not be granted on a claim exhausted in the state courts unless the state court's denial of relief was clearly contrary to or an unreasonable application of federal law. *Brown v. Payton*, 544 U.S. 133, 141 (2005).

The state court's denial of relief on Mr. McBride's claim that he was denied an adequate opportunity to hire an attorney to represent him at his parole hearing was not clearly contrary to federal law. A state prisoner does not have a federal constitutional right to have counsel present at a parole revocation proceeding. *Gagnon v. Scarpelli*, 411 U.S. 778, 790 (1973); *Davis v. Page*,

714 F.2d 512, 528 (5th Cir. 1983). The state court's decision denying Mr. McBride's claim that he was denied due process because the drug testing log used to sustain the charge was hearsay and not properly certified was not clearly contrary to federal law. A state court's interpretation of the state's rules of evidence is not cognizable in a federal habeas proceeding. Federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also presented. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Pulley v. Harris*, 465 U.S. 37, 41 (1984).

### III. **Certificate of Appealability**

The Court next determines whether to issue a certificate of appealability (COA). *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)). A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). If a district court rejects a petitioner's constitutional claims on the merits, the petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El*, 537 U.S. at 336 (citation omitted).

A district court may deny a COA sua sponte without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). For the reasons set forth above, the Court concludes reasonable jurists would not debate the conclusion that Mr. McBride is not entitled to federal habeas relief. As such, a COA will not issue.

## IV. Conclusion and Order

Accordingly, based on the foregoing reasons,

**IT IS HEREBY ORDERED** that:

1. Federal habeas corpus relief is **DENIED** and petitioner Kirk McBride, Sr.'s Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DENIED**;

2. No Certificate of Appealability shall issue in this case;

3. Mr. McBride's motion for summary judgment (ECF No. 21) is **DENIED**;

4. Any other pending motions pending are **DENIED**, and this case is now **CLOSED**.

It is so **ORDERED**.

**SIGNED** this 26th day of July, 2018.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE